JUDGE PETERS
delivered the opinion oe the court.
This action was brought to charge appellee with the proceeds of certain notes placed in his hands for collection by appellant, which it is alleged he undertook to collect and loan out,for her, and also to enforce the payment of a note which she alleges he owes her.
An agency is not denied by appellee; but three grounds of defense are mainly relied on in the answer. First, that the number of notes and the amounts thereof were not as great as appellant has set forth in her petition, payment of the sums collected to appellant, and a delivery of the notes not collected to her; second, payment of debts owing by her, and taking receipts therefor, which have been lost; and third, the statute of limitations as a bar to the action.
The facts of the case are neither numerous nor complicated, but the chief difficulty arises upon the legal propositions involved; and although the learned counsel on each side has favored us with elaborate briefs, we have not been aided in our investigations by a reference to a single authority by either of them.
It appears that the parties are related, and at the beginning of this business, which has resulted in this litigation, were friends, reposing confidence in each other, and on that account doubtless were not as careful to have written memoranda of their transactions as they would have been under other circumstances.
*97 But while they do not agree in their pleadings as to the alleged indebtedness of the one and payments made to and for the other, and the evidence is not satisfactory on all matters of difference between them, still one important fact is established by reliable proof: the written statement in a letter addressed by appellee to appellant, under date the 12th of March, 1856, in which he says he then had $1,300 of her. money in his hands due, which he was retaining, as he there states, until he could get his business in a condition to leave, and then he would take the money to her; and in the mean time, as he wrote her, he was to have the business fixed with those who had the money, so that they would have to pay the interest they had promised for the use of her money.
The amount there stated he says he had. Has he paid it? If so, when and how did he pay it? We fail to find any direct evidence of a settlement of that indebtedness thus acknowledged.
Appellee filed with his answer six receipts or vouchers for money paid to appellant, and allowing to him the most favorable application of the payments evidenced by said receipt, by treating them as payments on the debt of $1,300 which he acknowledges in his letter before referred to, and he would be still owing her a balance. But receipt No. 1, for $107, can not be so credited, because it bears date January 8, 1856, before the date of the letter in which the promise to pay the $1,300 is contained. And that demand certainly is not barred by the statute of limitations, because the promise is in writing, and this action was brought in less than twelve years after the promise was made, or the letter was written and delivered, and the larger amount of payments were made within less than two years before the commencement of the action.
By calculating the-interest on the $1,300 to the 17th of August, 1857, and deducting from principal and interest $198, paid on the last-named day, leaves a balance of $1,209.25; and *98 calculating interest on this sum from the last-named date to the 31st of May, 1866, the date of the last payments, and then deduct the four remaining payments, with the interest from their respective dates, with an allowance of five per cent, for ■trouble, leaves a balance of $857.75; for which, with interest from the 31st of May, 1866, till paid, and costs, appellant was entitled to and should have had judgment.
As to the note on appellee, more than fifteen years had elapsed from the time it fell due until the action was instituted; and as the statute of limitations was relied upon, it constituted a bar to a recovery on that note.
As to the other demands sued for, they were in their nature a lending and borrowing, or a deposit of money to be loaned ¡out for the benefit of the depositor; and while they were held in the nature of trusts, still an action at law in the nature of assumpsit might have been maintained by appellant for the money; and it seems now to be authoritatively settled that when there is a concurrent jurisdiction in the courts of common law and equity, the statute may in all cases be pleaded with the same effect in the one court as in the other. But in a case of express trust where there is sueh a confidence between the parties that no action of law will lie, and a court of equity alone has jurisdiction, the statute will not constitute a bar. (Angelí on Limitations, 350-352.)
But for the reasons herein stated the judgment must be reversed, and the cause remanded with directions to render judgment as directed, and for further proceedings consistent herewith.